MAURICE COYNE, et al.

Petitioners in Civil Action No. 1042,

CARYL M. CURTIS,

Petitioner in Civil Action No. 1040,

*vs.*

SCHENLEY INDUSTRIES, INC.,
a corporation of the State of Delaware,
Defendant.

*New Castle—December 29, 1958.*

*Caryl M. Curtis, Louis and Rita Freed, pro se.*

*Aaron Finger* of Richards, Layton & Finger, Wilmington, for defendant, Schenley Industries, Inc.,

SEITZ, Chancellor: Schenley Industries Incorporated ("Schenley"), the corporation resulting from a merger under 8 *Del.C.* § 253, has objected to the claim for an appraisal filed by Caryl M. Curtis. The sole ground of objection is that the written demand for payment was not made within the time permitted by 8 *Del.C.* § 253(e), which provides in part:

> "* * * The notice [of recording of merger] shall be sent by registered mail, return receipt requested, addressed to the stockholder at his last known address as it appears on the books of the corporation. If any such stockholder shall within 20 days after the date of mailing of the notice object in writing to said merger and demand in writing from the parent or surviving corporation, payment for his stock, * * *"

Schenley mailed notice of the filing and recording of the merger to the stockholders on April 2. Curtis mailed her objection and demand for payment on April 22. Thus, her demand was mailed within twenty days after Schenley mailed its notice. However, the Curtis demand was not received by Schenley within such twenty day period, and thus, says Schenley, was not within the permitted time.

Schenley relies upon the decision in the case of *In re Northeastern Water Co.,* 28 *Del.Ch.* 139, 38 *A.2d* 918. That case, which was decided in 1944, involved the appraisal statute applicable to the so-called general merger statutes. The memorandum filed by Schenley was written under the misapprehension that the present general appraisal statute (8 *Del.C.* § 262) is in the form which controlled when the Northeastern Water Company case was decided. That is not the fact. That portion of § 262 which is quoted in the Schenley memorandum (dealing with the mailing of notice) was added by an amendment which was adopted in 1949. That amendment for the first time required the corporation to notify objecting stockholders by mail when the merger agreement was actually recorded. This established the

commencement date for the running of the twenty day period when demand for payment could be made by a stockholder. The amendment is comparable to the notice provision found in the special appraisal statute (§ 253(e)) here controlling.

The important fact is that the 1949 amendment brought into this aspect of the law for the first time a date which was determined by the mailing of notice by the corporation. It is obvious that if, as Schenley contends, the notice must actually be received by the corporation within twenty days after the date of corporate mailing, a dissenting stockholder who desires to use the same form of communication as the corporation is required to use, viz., the mails, will have substantially less than twenty days to actually determine whether or not he wants to demand payment. This is so because the corporation's mailed notice would probably not be received for one or more days thereafter and a stockholder demanding payment would be required to mail his demand as much as three days before the end of the twenty day period to be reasonably certain that it would be received in time. A construction of the statute which has such a consequence would not seem reasonable. Nor is it necessary to effectuate the statutory design.

I do not think the Northeastern Water case is controlling. I say this principally because the then controlling statute, which used the recording date as the commencement of the period to demand payment, did not provide for mailed notice by the corporation. Thus, it did not involve any consideration of the reasonable consequences of providing for mailed notice. It seems to the court that the statute should not be construed to involve a standard which renders the result subject to the vagaries of mail delivery. The more objective test arising from the use of the postmark would seem preferable, particularly since that is the statutory test provided for corporations.

I conclude that 8 *Del.C.* § 253(e), reasonably construed, only requires that a mailed demand for payment shall be placed in the mail so as to bear a postmark which is within twenty days after the mailing date of the corporation's notice.

██ I therefore conclude that the Curtis objection and demand was filed within the time permitted by the statute and the objection to the claim is denied.

██ Schenley objects to the claim for an appraisal filed by Louis and Rita Freed on the ground, *inter alia,* that their objection and demand for payment was not mailed within twenty days after Schenley mailed the notice of the recording of the merger. The earliest mark on the envelope which contained Freeds' claim bears the date of April 23. Under the statute, as I have construed it, the claim was not mailed within the required time, and must be disallowed. The date appearing on the letter itself is not controlling.

The Freeds are not entitled to an appraisal of their shares. The objection to their request is sustained.

Present order on notice.